UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| **BENJAMIN HERRERA,** § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civil Action No. 7:24-cv-00266-DC-RCG |
| § | |
| **ECTOR COUNTY INDEPENDENT** § | |
| **SCHOOL DISTRICT,** § | |
| § | |
| *Defendant*. § | |

**DEFENDANT ECTOR COUNTY INDEPENDENT SCHOOL DISTRICT'S
<u>MOTION TO DISMISS</u>**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW** Ector County Independent School District (hereinafter "ECISD"), the Defendant in the above-styled and numbered action, and, pursuant to Rules 8, 12(b)(1), and 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP" or "Rules"), hereby moves this Court to dismiss Plaintiff Benjamin Herrera's (the "Plaintiff") claims against it for failure to state a claim upon which relief may be granted.

Alternatively, pursuant to Rule 12(e) of the Rules, Defendant moves this Court to require Plaintiff to amend his Complaint to provide a more definite statement and basis of the claims he is asserting against ECISD. In support thereof, ECISD would respectfully show the Court the following:

**I. BACKGROUND**

1. On September 26, 2024, the plaintiff, Mr. Benjamin Herrera ("Herrera"), filed this civil action under Cause No. B24091155CV in the 161st Judicial District Court of Ector County, Texas. The Plaintiff's Original Petition ("Petition") names ECISD as the sole defendant. On September 30, 2024, Mr. Herrera served his Petition on ECISD by serving its authorized representative for

accepting service of process.

2. In his lawsuit, Mr. Herrera alleges ECISD discriminated against him based on his disability in violation of the American with Disabilities Act ("ADA") as well as violations of the Texas Whistleblower Act. *See* Plaintiffs Original Petition, ¶¶ 21-31. Mr. Herrera has also alleges that ECISD retaliated against him based off a request for reasonable accommodation in violation of the ADA and terminated his employment when he engaged in speech that is protected under the United States Constitution. *Id.* at ¶¶ 32-38. The Plaintiff's Petition is substantively deficient, fails to provide ECISD with notice of his claims, and should be DISMISSED.

## II. LEGAL STANDARDS

3. **Federal Rule of Civil Procedure 8**. Pursuant to FRCP 8, for a pleading to state a claim for relief, it must contain 1) a short and plain statement of the grounds for the court's jurisdiction; 2) a short and plain statement of the claim showing that the pleader is entitled to relief; and 3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Rule 8(a)(2)'s requirement that a complaint set forth a "short and plain statement of the claim" is designed to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

4. A claimant's "obligation to provide the 'grounds' of 'entitle[ment] to relief' requires more than labels and conclusions" and the threshold requirement of Rule 8(a)(2) is that the " 'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to relief.' " *Twombly*, 550 U.S. 554, 557. The Fifth Circuit has held that a complaint is inadequate if it fails to meet either of the follow two requirements: "First, the pleadings must provide notice of the circumstances which give rise to the claim. Second, the 'pleader must set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'" *Walker v.*

*South Cent. Bell Tele. Co.*, 904 F.2d 275, 277 (5th Cir. 1990). "A complaint which contains a bare bones allegation that a wrong occurred and which does not plead any of the facts giving rise to the injury, does not provide adequate notice." *Id.*

5.  The Plaintiff's Original Petition ("Petition") fails to provide a "plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff does not allege any facts to support his alleged causes of action. Plaintiff's Petition offers bare bones allegations that some wrong occurred and does not plead any facts to support his causes of action and fails to give ECISD adequate notice of the circumstances allegedly giving rise to his claims. As such, Plaintiff's Complaint fails to meet the requirements of Rule 8(a).

6.  **Federal Rule of Civil Procedure 12(b)(6).** Pursuant to rule 12(b)(6), a court may dismiss a plaintiff's complaint for failing to state a claim on which relief can be granted as a matter of law. *See, e.g., Neitzke v. Williams*, 490 U.S. 325, 326 (1989). In order to survive a motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *i.e.*, "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." Fed. R. Civ. P. 12(b)(6); *Ahmadi v. Chertoff*, 522 F.Supp.2d 816, 820 (N.D. Tex. 2007) (quoting *Twombly*, 550 U.S. at 556). Moreover, the factual allegations in the Complaint "must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.

7.  The ultimate question for the court in deciding a motion to dismiss pursuant to Rule 12(b)(6) is whether the complaint, when viewed in the light most favorable to the Plaintiff, states a valid cause of action. *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). A court, however, "is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions or legal conclusions." *R2Invs. LDV v. Phillips*,

401 F.3d 638, 642 (5th Cir. 2005); *see also Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (quoting *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)). A plaintiff must plead specific facts, not mere conclusory allegations, in order for its claims to withstand a motion to dismiss. *See Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

8. ECISD acknowledges that an employee, when bringing claims of discrimination, "need not plead a *prima facie* case of discrimination." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 506-07 (2002). Even so, Plaintiff is not exempt from his obligation to "allege facts sufficient to state all the elements of [his] claim." *Puente v. Ridge*, 324 Fed. Appx. 423, 427-28 (5th Cir. 2009) (Title VII) (citing *Mitchell v. Crescent River Port Pilots Ass'n*, 265 F. Appx. 363, 370 (5th Cir. 2008)).

### III. PLAINTIFF'S FAILURE TO STATE A CLAIM

9. **Americans with Disabilities Act ("ADA")**. The ADA prohibits employers from discriminating against otherwise qualified individuals with a disability in their job application procedures, hiring, termination, compensation, training, and other terms and conditions of employment. 42 U.S.C. § 12101 *et seq*. Under the ADA, employers must "mak[e] reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability, who is an applicant or employee." 42 U.S.C. § 12112(b)(5)(A). In order to establish a *prima facie* case of **discrimination under the ADA**, a plaintiff must first establish that: 1) he is either disabled or regarded as disabled; 2) that he is qualified for the job; 3) he suffered an adverse employment action based on his disability; and 4) he was replaced by or treated less favorably than non-disabled employees. *McInnis v. Alamo Cmty. College Dist.*, 207 F.3d 276, 279-80 (5th Cir. 2000). A plaintiff's failure to establish that he had an actual or perceived disability is fatal to his case. *McInnis*, 207 F.3d at 280.

10. To successfully state a claim for an **employer's failure to accommodate**, the plaintiff must allege sufficient facts showing that he 1) is qualified for the job, 2) that he has a disability, 3) that he made his limitations and needed accommodations known to the employer (or that they are obvious), 4) and that the employer failed to provide these accommodations. 42 U.S.C. § 12112(b)(5)(A); *E.E.O.C. v. Chevron Phillips Chem. Co.*, 570 F.3d 606, 615-22 (5th Cir. 2009).

11. Plaintiff's Complaint does not sufficiently assert facts that demonstrate that he is disabled or regarded by ECISD as disabled. *See Swanson v. Aegis Communs. Group, Inc.*, No. 3-09-CV-41-D, 2010 U.S. Dist. LEXIS 42002, at *6-7 (N.D. Tex. Mar. 22, 2010) (dismissing pursuant to Fed. R. Civ. P. 12(b)(6) *pro se* plaintiff's ADA claim for failure to allege facts plausibly sufficient to establish that he was disabled as defined by the ADA). A "disability" under the ADA is defined as "a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual; a record of such impairment; or being regarded as having such an impairment." 42 U.S.C. § 12102.

12. A "major life activity," as defined by the EEOC regulations includes such functions as "caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2. And one is "substantially limited" in a major life activity if he is: i) [u]nable to perform a major life activity that the average person in the general population can perform; or ii) [s]ignificantly restricted as to the condition, manner, or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity. *See* 29 C.F.R. § 1630.2.

13. Though the Plaintiff mentions he has multiple sclerosis ("MS") and automatically qualifies this as a disability, he does not provide details of how this substantially limits a major life activity.

*See generally* Petition. Plaintiff alludes to various levels of personal discomfort that he believes requires accommodation, but never specifically states any substantial limitation. *Id.* Plaintiff also fails to state that he suffered an adverse employment action based on his disability. *Id.* Plaintiff notes that he was not permitted to use Zoom and was removed from an office and returned to his cubicle, but does not state or allege that these actions were due to his having MS.

14. In fact, in reading the pleadings, it seems as though Plaintiff believes his accommodations were taken away because he filed a claim with the Texas Education Agency. *See Petition,* ¶¶ 11-12. Plaintiff goes on to acknowledge that the sole reason for his "termination" was based on an incident that occurred in May of 2024, an altercation that only tangentially involved his MS. *Id.* at ¶¶ 15-17.

15. Further, the Petition does not allege that Plaintiff was replaced by a non-disabled person or treated less favorably than non-disabled employees. Finally, Plaintiff alleges no facts that he advised ECISD of his limitations. He states that he made ECISD aware of his condition, but does not state that he actually informed anyone of any limitations related to his MS. *Id.* The Petition fails to assert facts that support the elements of a *prima facie* case under the ADA for discrimination or failure to accommodate, therefore this claim should be dismissed for failure to state a claim. *Fajardo-Espinosa v. Parkland Hosp.*, No. 3:09-CV-540-O, 2010 U.S. Dist. LEXIS 40663, *7-8 (N.D. Tex. Mar. 16, 2010).

16. **Title VII or Texas Labor Code ("TLC") Retaliation Claims**. ECISD reads the Plaintiff's cause of action entitled "Retaliation under the American with Disabilities Act" to be claim for retaliation under either Title VII or the TLC or both. In order to establish a *prima facie* case for retaliation pursuant to Title VII and/or § 21.055 of the TLC, the Plaintiff must plead and show that: 1) he engaged in protected activity; 2) he suffered an adverse employment action; and 3) a

causal nexus existed between the protected activity and the adverse employment action. *Banks v. E. Baton Rouge Parish Sch. Bd.*, 320 F.3d 570, 575 (5th Cir. 2003) (Title VII); *Azubuike v. Fiesta Mart, Inc.*, 970 S.W.2d 60, 65 (Tex. App.--Houston [14th Dist.] 1998, no pet.) (Tex. Labor Code § 21.055). An employee has engaged in protected activity under Title VII if he has: 1) opposed an unlawful employment practice; or 2) made a charge, assisted, or participated in any manner in an investigation, proceeding, or hearing. *Byers*, 209 F.3d at 427-28 (citing 42 U.S.C. § 2000e-3(a)).

17. An employee has engaged in protected activity under the TLC if he has voiced opposition to conduct made unlawful under Chapter 21 of the TLC, *i.e.*, adverse employment decisions based on race, color, disability, religion, sex, national origin, or age. Tex. Labor Code §§ 21.051, 21.055; *City of Waco v. Lopez*, 259 S.W.3d 147, 151-52 (Tex. 2008); *Urdiales v. Concord Techs. Del., Inc.*, 120 S.W.3d 400, 407 (Tex. App.--Houston [14th Dist.] 2003, pet. denied).

18. In order to demonstrate that he engaged in "protected activity," a plaintiff must show that he had a reasonable belief of, and actually opposed, an unlawful employment practice. *Byers*, 209 F.3d at 428 (Title VII); *Martinez v. Wilson County*, No. 04-09-00233-CV, 2010 Tex. App. LEXIS 198, at *6-7 (Tex. App.--San Antonio, Jan. 13, 2010, no pet.) ("[e]ngaging in protected activity...requires a complaint of some sort of discrimination that is covered by the TCHRA").

19. The Plaintiff's Petition fails to identify any activity protected by Title VII or Chapter 21 of the TLC. Plaintiff does not allege facts to show a causal link between some purported protected activity and an adverse employment action. Plaintiff's Petition provides insufficient facts to provide ECISD with notice of his allegations. Plaintiff merely conclusory asserts that he was retaliated against without stating any of the factual basis of his retaliation claim. As such, Plaintiff fails to satisfy the pleading requirements of Rule 8(b) and has not stated a claim of retaliation pursuant to Title VII or Chapter 21 of the Texas Labor Code upon which relief may be granted.

The Plaintiff's retaliation claim must therefore be dismissed.

20. **First Amendment Retaliation Claim**. To the extent Plaintiff's retaliation claim is a Section 1983 First Amendment retaliation claim, this claim fails as a matter of law. To state a claim under 42 U.S.C. § 1983, a plaintiff must (1) allege a violation of a right secured by the United States Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 525 (5th Cir. 1994). Further, pursuant to Section 1983, a municipality or local governmental entity such as an independent school district may be held liable only for acts for which it is actually responsible; that is, "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 212, 215 (5th Cir. 1998) (quoting *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 691 (1978)). Accordingly, a local governmental entity, such as ECISD, may be held liable under Section 1983 if the execution of one of its policies or customs deprives a plaintiff of his constitutional rights. *Monell*, 436 U.S. at 691.

21. In order to maintain a claim based upon the existence of a school district's custom or policy, the plaintiff must plead *facts* showing that: 1) a policy or custom existed; 2) the governmental policymakers had actual or constructive knowledge of that policy or custom; 3) a constitutional violation occurred; and (4) the custom or policy served as the moving force behind the violation. *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 532 (5th Cir. 1996).

22. The Board of Trustees is the policymaker for a Texas Independent school district. *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 247-28 (5th Cir. 2004) (citing Tex. Educ. Code § 11.151(b)). Accordingly, to state a Section 1983 claim against ECISD, the Plaintiff must allege facts that the Board of Trustees, through its policy, caused Plaintiff's damages.

23. To state a claim pursuant to 42 U.S.C. § 1983 for First Amendment retaliation, plaintiff must also show that 1) he suffered an adverse employment action; 2) his speech involved a matter of public concern; 3) his interest in commenting on matters of public concern outweighs the employer's interest in efficiency; and 4) his speech motivated the employer's adverse action. *Modica v. Taylor*, 465 F.3d 174, 179-80 (5th Cir. 1978).

24. Plaintiff's Petition does not plead facts of any of the requisite elements of a Section 1983 claim. The Plaintiff does not complain of any actions of the ECISD Board of Trustees ("Board") except stating that certain actions were sanctioned by the Board. The Plaintiff fails to identify any custom, policy, or practice of ECISD caused any deprivation of constitutional rights. Even if Plaintiff had asserted an alleged custom, policy, or practice of ECISD, Plaintiff has not alleged that the Board had actual or constructive knowledge of the practice. Because Plaintiff's Petition fails to state any facts relating to the requisite elements of a Section 1983 claim, Plaintiff has not stated a claim for First Amendment retaliation as a matter of law.

25. Moreover, Plaintiff's Complaint does not set forth any facts of the elements specific to a First Amendment retaliation claim. The Plaintiff has not asserted facts indicating that he engaged in any protected speech, *i.e.*, speech regarding a matter of public concern. Plaintiff has not alleged any facts showing that any alleged protected speech was a motivating force behind any alleged adverse employment action. Plaintiff's failure to allege any facts to support a First Amendment retaliation claim warrant dismissal of this claim pursuant to Fed. R. Civ. P. 12(b)(6).

### IV. REQUEST FOR A MORE DEFINITE STATEMENT

26. Should the Court not dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(1) or 12(b)(6), ECISD alternatively ask the Court to order Plaintiff to amend his Petitions and provide ECISD with a more definite statement of the claims he asserts against it. Plaintiff's Petition, though

containing many irrelevant facts, remains so vague and ambiguous that ECISD cannot appropriately prepare its Answer. ECISD is not sure why Plaintiff believes he was terminated or what retaliatory reasonable accommodations were stripped away. Plaintiff's allegations are not specifically supported by any particular facts, forcing ECISD to guess as to the basis of Plaintiff's claims.

27.   Specifically, ECISD asks the Court to require Plaintiff to amend his Petition identify the basis of his claims of ADA discrimination, including the specific acts that Plaintiff contends were discriminatory. Further, Plaintiff should be required to provide a more definite statement of his retaliation claim to include the legal foundation of his claim as well as to specify the protected activity and/or protected speech for which he contends ECISD retaliated against him.

28.   The Court should require Plaintiff to state the alleged disability that forms the basis of his claim pursuant to the ADA and all acts of discrimination that he contends he suffered as a result of his alleged disability. Plaintiff should also be required to plead the factual basis of his contention that he suffered an adverse employment action as a result of any report of violation of law.

## V. CONCLUSION

As is clearly laid out above, Plaintiff's Petition fails to satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure and does not allege sufficient facts to provide ECISD with fair notice of the grounds upon which Plaintiff's claims rest. Plaintiff's Petition, therefore, does not state a claim upon which relief may be granted. The conclusory averments within the Petition do not raise Plaintiff's right to relief beyond the speculative level and do not state a claim that is plausible on its face. Accordingly, Plaintiff's claims against ECISD should be dismissed.

In the alternative to dismissal, ECISD moves this Court to order Plaintiff to amend his Petition to provide a more definite statement of the facts upon which Plaintiff's claims are based.

Because Plaintiff's Petition is legally deficient and fails to state any claim upon which relief can be granted, it should be DISMISSED with prejudice.

Respectfully submitted,

ATKINS, HOLLMANN, JONES, PEACOCK, LEWIS & LYON, INC.

By: _____
Alex E. Reynolds
Texas Bar No. 24116955
Email: areynolds@odessalawfirm.com
Murray A. Crutcher
Texas Bar No. 24028169
Email: tcrutcher@odessalawfirm.com
Tatiana Dennis
Texas Bar No. 24087408
Email: tdennis@odessalawfirm.com
3800 E. 42nd Street, Suite 500
Odessa, TX 79762
Telephone: (432) 331-1600
Facsimile: (432) 363-1310

***Attorneys for Defendant Ector County Independent School District***

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5, this pleading was electronically served to all counsel and parties of record on October 28, 2024.

By: _____
ALEX E. REYNOLDS

*Defendant ECISD's Motion to Dismiss*